1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RAUL MORALES and ROSALIE QUINONES,<br><br>  Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., TOYOTA MOTOR NORTH AMERICA, INC., and TOYOTA MOTOR CORPORATION,<br><br>  Defendants. | CASE NO. 5:19-cv-01611-VAP-ADS<br>Assigned to The Hon. Virginia A. Phillips<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date:   March 30, 2020<br>Judge: Hon. Virginia A. Phillips<br>Time:  2:00 p.m.<br>Place: Courtroom 8A<br>        First Street Courthouse<br>        350 West 1st Street<br>        Los Angeles, CA  90012 |

Having considered the papers filed herein and the argument of counsel, and good cause showing, the Court hereby ORDERS AS FOLLOWS on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint:

1. All of Plaintiffs' claims are hereby dismissed because the Complaint fails to provide fair notice to Toyota of the "8AT Transmission Defect" or claims at issue;

2. Plaintiffs' claims for breach of express warranty under California Commercial Code § 2313 (Claim 4) and breach of express warranty under New York law (Claim 9) are dismissed because Plaintiffs do not allege sufficient facts demonstrating the alleged defect is covered by the warranty or that Toyota breached any obligations under the warranty;

3. Plaintiff Morales's claim for breach of express warranty pursuant to California's Song-Beverly Consumer Warranty Act (Claim 3) is dismissed for the additional reason that he has failed to allege sufficient facts demonstrating that he gave Toyota two opportunities to fix the alleged defect;

4. Plaintiffs' claims for breach of implied warranty pursuant to California's Song-Beverly Consumer Warranty Act (Claim 3) and breach of the implied warranty of merchantability under New York law (Claim 8) are dismissed because Plaintiffs do not allege sufficient facts demonstrating their vehicles are unmerchantable or unfit for their ordinary purposes;

5. Plaintiff Quinones's implied warranty claim under New York law (Claim 8) is dismissed for the additional reason that she has not alleged privity with any Defendant;

6. Plaintiffs' claims for breach of written warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* (Claim 5), and for breach of implied warranty under the Magnuson-Moss Warranty Act (Claim 6), are

dismissed because Plaintiffs have failed to allege sufficient facts demonstrating the applicability of state warranty laws;

7. Plaintiffs' omission claims under the fraudulent prong of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL") (Claim 2), under California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 (Claim 1), under New York General Business Law §§ 349 and 350 *et seq.* (Claim 7), and for unjust enrichment (Claim 10) are hereby dismissed because the Complaint does not sufficiently allege Toyota's presale knowledge of the unspecified "8AT Transmission Defect," materiality, active concealment, or detrimental reliance;

8. Plaintiffs' unjust enrichment claim (Claim 10) fails for the additional reasons that unjust enrichment is not a cause of action and duplicates other claims; and

9. Plaintiffs' claim for violations of Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* (Claim 2), unjust enrichment claim (Claim 10), and all other claims for equitable relief under other statutes and common law theories are dismissed in their entirety because Plaintiffs have an adequate remedy at law.

**IT IS SO ORDERED.**

Dated: _____, 2020

_____
The Honorable Virginia A. Phillips
United States District Judge