CHRISTOPHER CHORBA, SBN 216692
    cchorba@gibsondunn.com
ALEXANDER N. HARRIS, SBN 278482
    aharris@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

ANDREW LEGRAND (*admitted pro hac vice*)
    alegrand@gibsondunn.com
CRISTINA M. SQUIERS (*admitted pro hac vice*)
    csquiers@gibsondunn.com
THOMAS M. MOLLOY, JR, SBN 325068
    tmolloy@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Ave #2200
Dallas, TX  75201
Telephone:  214.698.3100
Facsimile:   214.571.2900

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROSALIE QUINONES,<br><br>                Plaintiff,<br><br>        v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., TOYOTA MOTOR NORTH AMERICA, INC., and TOYOTA MOTOR CORPORATION,<br><br>                Defendants. | CASE NO. 5:19-cv-01611-VAP-ADS<br>Assigned to The Hon. Virginia A. Phillips<br><br>**DEFENDANTS' NOTICE OF RELATED CASES**<br><br><br>Hon. Virginia A. Phillips |

Gibson, Dunn &
Crutcher LLP

**TO THE COURT, RESPONDENTS AND RESPONDENTS' ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Central District of California Local Rule 83-1.3, Defendants Toyota Motor Sales, U.S.A., Inc., Toyota Motor North America, Inc., and Toyota Motor Corporation (collectively "Toyota") advises the Court that the following actions listed below call for determination of the same questions of law and fact, and would entail substantial duplication of labor if heard by different judges.  The information required by Local Rule 83-1.3, is set forth below.

1.   On September 10, 2019, this Court related this case to *Loo v. Toyota Motor Sales, USA, Inc.*, No. 8:19-cv-00750-VAP-ADS (filed April 24, 2019), and assigned both matters to the same judge.

2.   This action previously involved allegations involving the Toyota RAV4, Highlander, and Sienna vehicles.  On January 13, 2020, Toyota moved to dismiss all claims involving those vehicles because there were no named plaintiffs who purchased any of those models.  (*Quinones* Dkt. 42-1 at 3 n.1.)  In its order dated April 27, 2020, the Court dismissed claims involving those vehicles.  (*Quinones* Dkt. 49.)

3.   On June 30, 2020, Plaintiffs' counsel, Glancy Prongay & Murray LLP, Greenstone Law APC, Berger Montague PC, and Capstone Law APC, filed two other related actions:  (a) *Peguero v. Toyota Motor Sales, USA, Inc. et al.*, No. 2:20-cv-05889, which is currently pending before the Honorable Dolly M. Gee; and (b) *Murphy v. Toyota Motor Sales, USA. Inc. et al.*, No. 2:20-cv-05892, which is currently pending before the Honorable Ronald S.W. Lew.  All cases name Toyota Motor Sales, USA, Inc., as a defendant and concern the eight-speed transmissions allegedly found in certain Toyota-manufactured vehicles.  In addition, Plaintiffs' counsel in the *Loo* action intends to name both Toyota Motor North America, Inc. and Toyota Motor Corporation in that action.  If that amendment is permitted, all four actions will name the same Toyota defendants.

Gibson, Dunn &
Crutcher LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        4.    *Determination of the same questions of law and fact*.   Although they concern different vehicles, all four actions are based on allegations that the Powertrain Control Module in Plaintiffs' vehicles was miscalibrated, causing a similar list of symptoms.   The claims are also similar.   In fact, the same claims under New York law are asserted in both this case and *Peguero*.   (*See Quinones* Dkt. 52 ¶¶ 97-122; *Peguero* Dkt. 1 ¶¶ 66-89.)   All four cases assert claims under the Magnuson-Moss Warranty Act. (*See Loo* Dkt. 50 ¶¶ 107-116; *Quinones* Dkt. 52 ¶¶ 85-96; *Peguero* Dkt. 1 ¶¶ 97-106; *Murphy* Dkt. 1 ¶¶ 91-102.)   And all cases involve state-law consumer protection and implied warranty claims.   (*See Loo* Dkt. 50 ¶¶ 60-106; *Quinones* Dkt. 52 ¶¶ 85-113; *Peguero* Dkt. 1 ¶¶ 66-89; *Murphy* Dkt. 1 ¶¶ 103-124.)   To adjudicate these claims, the court will need to resolve potentially related questions of law (e.g., whether the symptoms Plaintiffs allege rise to the level of an actionable "defect" and/or breach of implied warranty; whether Plaintiffs can meet the standards for class certification under Rule 23) and similar questions of fact (e.g., whether each of the vehicles' transmissions are the cause of the symptoms Plaintiffs allege).   In fact, Plaintiffs' counsel originally filed substantially similar claims in this action as those now asserted in the *Peguero* and *Murphy* actions.   (*Supra* ¶ 2.)

        5.    *Substantial duplication of labor*.   If the two new actions were heard by two different judges than Judge Phillips, who already has devoted substantial attention to the *Loo* and *Quinones* cases, issuing three different rulings on motions to dismiss, there would be substantial duplication of labor.   The two new judges would need to review related factual background and applicable law with which Judge Phillips already has become well acquainted through adjudication of several dispositive motions in *Loo* and *Quinones*.

1

Dated:  July 15, 2020                    GIBSON, DUNN & CRUTCHER LLP

2

3                                                By:   */s/  Christopher Chorba*

4                                                        Christopher Chorba

5                                                Attorneys for Defendants

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old.  On July 15, 2020, I served true and correct copies of the following document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 15, 2020, at Los Angeles, California.

DATED:  July 15, 2020                    By:    */s/  Christopher Chorba*
                                                        Christopher Chorba